958 F.2d 370
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marshall H. WAREN; Sandra Y. Waren, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-3012.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided March 12, 1992.
 
 On Appeal from the United States Tax Court (Tax Ct. No. 95-7613)
 Argued: Edward George Lavery, Hercules, Lavery, Bernstein & Kennedy, P.C., Dallas, TX for appellants.
 Kevin Martin Brown, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Larry K. Hercules, Hercules, Lavery, Bernstein & Kennedy, P.C., Dallas, TX., for appellants.
 Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, David English Carmack, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 U.S.T.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Marshall H. Waren and Sandra Y. Waren appeal from the decision of the United States Tax Court sustaining the Commissioner's deficiency determinations and additions to tax for taxable years 1981 and 1982.[1] We find no error and affirm.
 
 
 2
 The Tax Court disallowed interest deductions based on deferred nonrecourse debt the Warens incurred in a transaction involving timeshare units in property near a Utah ski resort. The disallowance caused the Warens to owe additional tax in 1981 and 1982.
 
 
 3
 When Waren decided to enter into the transaction at issue, a partnership was formed for that purpose.[2] He held a 31.9 percent interest in the partnership, known as High Flier Associates. On December 27, 1981, the partnership purchased 22 time-share units[3] in a house located in the Park City, Utah area. The purchase price was $2,775 per unit. The contract required a down payment of $650 per unit. The purchasers agreed to pay $465 per year per unit for ten years. No further principal or interest payments were required until thirty years from the date of purchase when a payment of $72,000 per unit was required. Therefore, for his 31.9 percent interest in 22 units Waren was to pay $4,561.70 as a down payment, $3,263.37 each year for ten years, and $520,209.25 in thirty years. The sales contract required all payments first to be applied to interest. The debt was nonrecourse and the partnership used the accrual method of accounting.
 
 
 4
 On their federal income tax returns, the Warens deducted accrued interest from the time-shares in the amount of $32,600 for 1981 and $31,291 for 1982. The Commissioner, finding that the debt on which the interest was based was not genuine, disallowed the deductions.
 
 
 5
 The Warens argue that the Tax Court's finding, that the nonrecourse debt was without economic substance because the Warens had not made a bona fide investment in the property, was erroneous. In addition, they assert that the Tax Court erred in holding them liable for a substantial understatement penalty and for accelerated interest on the tax deficiency.
 
 
 6
 The Tax Court's finding that the nonrecourse debt lacked economic substance was not clearly erroneous. The Tax Court held that:
 
 
 7
 since the fair market value of the timeshare units would never approach the year-end payoff amount and since this fact was obvious from the inception of the loan, we hold that petitioners have not made a bona fide investment in the property. Accordingly, the nonrecourse debt is without economic substance and will not be respected for Federal tax purposes. This has the effect of disallowing the interest deductions incurred on account of the debt.
 
 
 8
 A "taxpayer may not claim an interest deduction where he has neither personal liability nor economic incentive to pay." Odend'hal v. Commissioner, 748 F.2d 908, 913 (4th Cir.1984), cert. denied, 471 U.S. 1143 (1985).
 
 
 9
 Interest is deductible only if paid with respect to genuine indebtedness. See Knetsch v. United States, 364 U.S. 361, 366-67 (1960). When the fair market value is less than the amount financed by a nonrecourse loan, the interest paid on the loan is not allowable as an interest deduction. See Odend'hal v. Commissioner, 748 F.2d at 912.
 
 
 10
 The Tax Court was not clearly erroneous in concluding that the nonrecourse debt had no economic substance. The Tax Court correctly concluded that even if the time-shares appreciated substantially, the payoff amounts would always be greater than the fair market value of the property. Mr. Waren stated that if at the end of thirty years he owed more on the property than it was worth he would not pay the balloon note and would let the developer have the property back.
 
 
 11
 In Lukens v. Commissioner, 945 F.2d 92 (5th Cir.1991), an appeal of one of the consolidated Tax Court cases decided concurrently with the Warens' case, the Fifth Circuit found no error in the Tax Court's decision. The Warens' case is materially indistinguishable from Lukens. Both Waren and Lukens purchased time-shares from the same seller and employed the same type of financing scheme. In addition, both relied on the same expert testimony concerning fair market value of the time-share units. As do the Warens, Lukens argued that the Tax Court improperly valued the time-share units and in doing so disregarded or disallowed certain expert testimony.
 
 
 12
 We agree with the Lukens court that the Tax Court was not clearly erroneous in its valuation of the property, in disregarding certain expert testimony, or in finding the transaction without economic substance, 945 F.2d at 97. As did the Lukens court, we reject the Warens' invitation to apply the reasoning of the Third Circuit in Pleasant Summit Land Corp. v. Commissioner, 863 F.2d 263, 276-77 (3d Cir.1988), cert. denied sub nom., Commissioner v. Prussin, 493 U.S. 901 (1989), that only the portion of nonrecourse debt in excess of the fair market value of the property should be disregarded in determining allowable interest deductions. When a taxpayer lacks economic incentive to repay a nonrecourse loan, no interest deductions are allowable on the loan. See Odend'hal v. Commissioner, 748 F.2d 908.
 
 
 13
 The Tax Court was not clearly erroneous in determining that there were substantial underpayments of tax attributable to tax motivated transactions. An increased rate of interest payable on tax deficiencies is provided for when there is a "substantial underpayment attributed to tax motivated transactions." 26 U.S.C. § 6621(c). A "substantial underpayment" is defined as an underpayment in excess of $1,000 attributable to tax motivated transactions. 26 U.S.C. § 6621(c)(2). The Warens' underpayments of $11,457.18 for 1981 and $12,650 for 1982 were clearly substantial underpayments. "[A]ny sham or fraudulent transaction" is considered a "tax motivated transaction." 26 U.S.C. s6621(c)(3)(A)(v). "A sham or fraudulent transaction includes transactions that were not entered into for profit and are without economic substance." Lukens, 945 F.2d at 99. The Tax Court specifically found the transactions to be without economic substance. In addition, the Tax Court found the motivating factor of the taxpayers was the "extravagant tax write-off" received as compared to the cash outlay. Waren stated that the eight for one tax write-off made the purchase appealing. The Tax Court's determination that the transaction lacked economic substance, and therefore, was a sham, was not clearly erroneous. Imposition of the increased rate of interest under § 6621(c) was not erroneous.
 
 
 14
 The Warens also contest the imposition of a 10 percent addition to tax. An addition to tax "shall be added to the tax" if there is a "substantial understatement" of income tax. 26 U.S.C. § 6661(a). Upon the dates relevant in this case, the addition was 10 percent of the amount of any underpayment attributable to the understatement.[4] A substantial understatement occurs if the amount of the understatement exceeds "the greater of--(i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $5,000." 26 § 6661(b)(1)(A). The Warens reported tax liabilities of $1,520.86 in 1981 and $9,275 in 1982. The Tax Court determined that their tax liability for 1981 totalled $12,978.04, resulting in an understatement of $11,457.18. For 1982, the tax liability was $21,925, resulting in an understatement of $12,650. In each year, the understatement exceeded $5,000 and 10 percent of the tax required to be shown.
 
 
 15
 The Warens argue that the substantial understatement penalty does not apply because the underlying issues raised by the taxpayers were substantial. If there is or was "substantial authority" for the tax treatment given any item by the taxpayer, then that item is subtracted from the amount of the understatement in determining if the understatement is substantial. 26 U.S.C. § 6661(b)(2)(B)(i). They point to no authority, however, for the proposition that a taxpayer can deduct accrued interest on a nonrecourse debt, when the debt will never be repaid. Therefore, their argument is without merit.
 
 The judgment of the Tax Court is
 
 16
 AFFIRMED.
 
 
 
 [1]
 In the Tax Court, this case was consolidated for trial with six other cases involving similar issues. Those cases were appealed to other Courts of Appeal. Three of those appeals have been decided. The Fifth, Tenth, and Eleventh Circuits have each affirmed the Tax Court. See Lukens v. Commissioner 945 F.2d 92 (5th Cir.1991); Chesser v. Commissioner, 952 F.2d 411 (11th Cir.1992) (unpublished); Ames v. Commissioner No. 91-9000, 1991 WL 125150 1991 U.S.App. LEXIS 15267 (10th Cir. July 8, 1991) (unpublished) Lukens and Ames relied upon our Odend'hal decision, infra, 748 F.2d 908 (4th Cir.1984)
 
 
 [2]
 In order to avoid Utah usury laws the seller of the time-shares required prospective purchasers to form a partnership. The sale was then made to the partnership
 
 
 [3]
 Each time-share unit represented a 1/360 undivided fee simple interest in the house
 
 
 [4]
 The addition is currently 25 percent for additions assessed after October 21, 1986. 26 U.S.C. § 6661